UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | **CV 20-10138-DMG (RAOx)** | Date | March 16, 2021 |
|---|---|---|---|
| Title | *IDEA Custom Cabinetry & Design, Inc. d/b/a Artful Craftsmen v. DS Services of America, Inc. d/b/a Remington Pure, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

## I. BACKGROUND

Plaintiff IDEA Custom Cabinetry & Design, Inc. d/b/a/ Artful Craftsmen is a business located in Sun Valley, California, that designs, manufactures, and installs custom cabinetry and ornamental iron for homes and businesses. Not. of Removal, Ex. 1 (Compl.) at ¶ 1 [Doc. # 1-1]. In 2011, Defendant DS Services of America, Inc.'s ("DS") subsidiary, Remington Pure, installed and serviced a water filtration system and plumbing at Plaintiff's business, pursuant to a written agreement between Plaintiff and Remington Pure. *Id.* at ¶¶ 3, 5, 20. In September 2019, the filtration system leaked and flooded Plaintiff's property, damaging the facilities and Plaintiff's inventory beyond repair. *Id.* at ¶¶ 5-6.

On October 1, 2020, Plaintiff filed suit in Los Angeles County Superior Court against DS and Doe Defendants 1 through 20, alleging that in the installation, servicing, and maintenance of the water filtration system, DS and Doe Defendants acted negligently and breached the implied warranty of fitness for intended use and implied covenant of good faith and fair dealing. *Id.* at ¶¶ 2-3, 9-23. Plaintiff alleges that DS is a Delaware corporation that owns and operates Remington Pure and asserts that it will amend the Complaint to allege the true names of Doe Defendants once those names have been ascertained. *Id.* at ¶ 3.

DS removed the action to this Court on November 4, 2020. [Doc. # 1]. The Notice of Removal asserts that the Court has diversity jurisdiction over the action because Plaintiff and DS are diverse, and Plaintiff's counsel sent a letter to DS prior to filing suit that stated $76,307 in

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | **CV 20-10138-DMG (RAOx)** | Date | March 16, 2021 |
|---|---|---|---|
| Title | ***IDEA Custom Cabinetry & Design, Inc. d/b/a Artful Craftsmen v. DS Services of America, Inc. d/b/a Remington Pure, et al.*** | Page | 2 of 4 |

damages. Not. of Removal at 3.[1]

Plaintiff now moves to remand the action to Los Angeles County Superior Court. Mot. to Remand ("MTR") [Doc. # 11.] The MTR is fully briefed. [Doc. ## 15, 21.]

For the reasons stated below, the Court **GRANTS** the motion.

## II.
## LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## III.
## DISCUSSION

Plaintiff contends that the Court should remand this action for several reasons, including that it intends to amend the Complaint to name Remington Pure, a California corporation, as one of the Doe Defendants, thereby destroying complete diversity. *See* MTR at 16. DS opposes remand on this ground based on the text of section 1141, which states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Opp. at 9

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-10138-DMG (RAOx)** | Date | March 16, 2021 |
| Title | ***IDEA Custom Cabinetry & Design, Inc. d/b/a Artful Craftsmen v. DS Services of America, Inc. d/b/a Remington Pure, et al.*** | Page | 3 of 4 |

(citing 28 U.S.C. § 1441(b)(1)). According to DS, that language requires the Court to disregard the Doe Defendants' citizenship to determine that Plaintiff and DS are completely diverse.

A review of the case law interpreting section 1441 reveals that DS' characterization is overly simplistic. Instead, courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into following rule statement: "[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015); *see also Barnes v. Costco Wholesale Corp.*, No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, *2 (C.D. Cal. Dec. 4, 2019) (finding allegations regarding the Doe employees responsible for a plaintiff's alleged injuries sufficient for the Court to consider their citizenship for jurisdictional purposes); *Sandoval v. Republic Servs., Inc.*, No. CV 18-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant."); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant.").

Here, the Complaint has named Remington Pure as the "doing business as" name of DS as well as a subsidiary of DS. Plaintiff specifically alleged the role that Remington Pure played in installing, servicing, and maintaining the water filter at the heart of this case, and the breach of the implied covenant of good faith and fair dealing is based on a contract between Plaintiff and Remington Pure, not DS. *See* Compl. at ¶¶ 5, 17, 20. DS does not deny its relationship with Remington Pure and in fact argues that "Defendant did not draft the agreement, Remington did." Opp. at 4 n.1. Plaintiff now argues that only after filing did it understand that Remington Pure was a separate, California corporation with its principal place of business in California, and Plaintiff seeks to amend the Complaint to name Remington Pure as a Defendant. Chyten Decl. at ¶ 13 [Doc. # 11-2]. Given the clear allegations of Remington Pure's wrongdoing and the close relationship between DS and Remington Pure, it would be "unfair" to force Plaintiff from his chosen forum into federal court by allowing DS "to plead ignorance" about Remington Pure's identity and involvement in the alleged wrongdoing. *See Collins*, 2017 WL 2734708, at *2.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-10138-DMG (RAOx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | *IDEA Custom Cabinetry & Design, Inc. d/b/a Artful Craftsmen v. DS Services of America, Inc. d/b/a Remington Pure, et al.* | Page | 4 of 4 |

Since persuasive authority indicates that the Court may consider a specified Doe Defendant's citizenship for purposes of diversity jurisdiction and Plaintiff asserts that Remington Pure is one of the Doe Defendants and appears to be a California citizen, complete diversity likely not exist. Without complete diversity, the Court lacks subject matter jurisdiction over this action.[2]

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. This action is hereby **REMANDED** to the Los Angeles County Superior Court. The March 19, 2021 hearing and scheduling conference are **VACATED**.

**IT IS SO ORDERED.**

---

[2] To the extent DS argues that Remington Pure cannot be sued because it may be a suspended corporation, California law does not prohibit suspended corporations from being sued. *See United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty.*, 791 F.2d 666, 668 (9th Cir. 1985); Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."). Rather, California Revenue and Tax Code section 23301 provides that corporations suspended for nonpayment of taxes "may not bring suit and may not defend a legal action." *2.61 Acres of Land*, F.2d at 668 (citing *Reed v. Norman*, 48 Cal. 2d 338, 343 (1957)). Although it may not defend itself, a suspended corporation may still be sued, and the Court may dismiss it from the suit as an exercise of equitable discretion. *See Reed*, 48 Cal. 2d. at 343.